UNITED STATES of America, Plaintiff–Appellee,

v.

Detron BONNER, Defendant–Appellant.

No. 02–2015.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 7, 2003.

Decided Jan. 14, 2003.

Before COFFEY, ROVNER, and EVANS, Circuit Judges.

### ORDER

After a 2–day trial, a jury found Detron Bonner guilty of running a crack house (the formal charge was "knowingly and intentionally maintaining a place for the purpose of manufacturing, distributing, or using a controlled substance, namely crack cocaine and marijuana, in violation of 21 U.S.C. § 856(a)(1)"), and he appeals. Because none of the three issues Bonner raises require a reversal of his conviction, we reject his appeal and affirm the judgment of the district court.

The crack house Bonner was charged with running was located at 5154 Tennessee Street in Gary, Indiana. And no one disputes that, in fact, crack was being sold from the house. So with crack sales out of the house a given, it was to the government's advantage to connect Bonner to the house in as many ways as possible. One of the ways, unfortunately for Mr. Bonner, was the fact that he listed the house as his residence on a number of monthly forms he signed and submitted to his probation

officer between January and May of 2001. Bonner contends that the probation officer's testimony to this effect denied him a fair trial because the jury learned he was "on probation." He also argues the evidence was improper because "residency" in a house where drugs are sold is not an element of the charge against him.

■ It's true that a defendant does not have to "reside" in a crack house to be convicted of maintaining a "place" where crack is sold. But to say that "residency" in this context is immaterial goes way too far. We agree with the district court—and thus find no abuse of discretion by the judge in admitting the evidence—that this evidence of "residency" had probative value which exceeded its prejudicial effect, especially when the court took steps to prevent the jury from learning why Bonner was on probation. *See United States v. Basinger*, 60 F.3d 1400 (9th Cir.1995).

Bonner's second argument concerns a witness against him, Tyran Harris, who regularly purchased crack cocaine at the house on Tennessee Street. His purchases were made while he was cooperating with drug agents. Harris said he purchased his drugs from Bonner, who he knew by the name of "Tony."

■ During the trial, without objection, Harris was permitted to testify that while he was meeting with his probation officer he saw "Tony" (Bonner), who was meeting with his probation officer. Bonner concedes on appeal that Harris's prior identification of him was admissible under Federal Rule of Evidence 801(d)(1)(C), but he contends that the elaboration revealing that he (Bonner) was meeting with a probation officer was unduly prejudicial. Without an objection, this claim is reviewed only for plain error. *United States v. Curtis*, 280 F.3d 798 (7th Cir.2002). We conclude, upon review, that no error, plain or otherwise, occurred. And we add further that in the big picture, this evidence

was of no great moment, for abundant other evidence of Bonner's guilt was in the record. When one considers that the clearly admissible evidence demonstrated that Bonner made numerous drug sales in the house, that mail addressed to him there was found, and that Bonner himself (with $277 on his person) was there along with drugs, a scale, and a gun when the house was raided with a federal search warrant, the testimony of Bonner's meeting with a probation officer was little more than frosting on the cake.

Finally, Bonner argues that the district court erred in admitting into evidence his statement to a Lake County sheriff's department officer that he sold two dime bags of crack cocaine (worth $20) in exchange for a one-day rental of a 1993 Chevy Cavalier from a person named "Alexander."

Prior to trial, the government sought a ruling on the admissibility of the statement Bonner gave after he was arrested while in possession of what turned out to be a stolen automobile. In his statement, he said he was approached at a gas station by a man he knew named Alexander, who was then driving the Chevy Cavalier. Bonner told the arresting deputy that Alexander offered to rent him (Bonner) the car in exchange for two $10 bags of crack cocaine. Bonner said Alexander gave him the keys to the car and told him to return it to the same gas station the next day.

The district court found the statement admissible to prove intent and to negate Bonner's "mere presence" defense after he was caught in the house on Tennessee Street. The court gave a limiting instruction cautioning the jury to consider Bonner's statement about selling the drugs "only on the question of whether the Defendant maintained 5154 Tennessee Street for the purpose of distributing marijuana and crack cocaine base." It was not error

to admit this evidence which involved similar acts—selling drugs—as were taking place at the house on Tennessee Street. The fact that this statement of a trade—$20 worth of crack for a one-day car rental from what looks like a stranger—has all the earmarks of a fish tale doesn't mean it was inherently untrue. While the jury was certainly free to discount the statement or conclude that Bonner made up the story to conceal the fact that he was driving a stolen car, the district court certainly did not abuse its discretion in concluding that there was sufficient evidence for the jury to accept the truth of Bonner's statement if it wanted to.

For these reasons, the judgment of the district court is AFFIRMED.